UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-23694-DPG

XPORT AUTO PARTS, INC.,
A Florida Corporation,

      Plaintiff,

v.

www.xportautoparts.com; GoDaddy.com, LLC;
Unknown Registrant A/K/A Memerio Kernado
A/K/A Jed Doering; Registrar of Domain Names
Reg.Ru, LLC,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EXPEDITED *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff's Expedited *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Application") [ECF No. 7]. The Court has reviewed the Application, the Affidavit in support of the Application (the "Affidavit"), the record, and is otherwise fully advised in the premises. For the following reasons, Plaintiff's *Ex Parte* Application for Temporary Restraining Order is **GRANTED.**

### I.    Factual Background

1. Plaintiff XPORT AUTO PARTS, INC., is a family business that was founded and incorporated in the State of Florida on or about September 12, 2011. Plaintiff is in the business of exporting automobile parts to over 80 countries.

2. Since the year 2011, Plaintiff has continuously and without interruption operated under the name and utilized the trademark/service mark "Xport Auto Parts" to market its services

throughout the world, and based on this prior use, owns the trademark/service mark "Xport Auto Parts" (hereinafter also referred to as the "Trademark") and is entitled to trademark protection of its name.

3. Since its inception, Plaintiff has spent well over $1,211,648.00 advertising and marketing its services and brand over the Internet using its Trademark.

4. As a result of Plaintiff's use of the Trademark throughout the years since the year 2011, including extensive advertising and promotion of its services, the Trademark is distinctive and has become well known and famous in the geographic regions in which Plaintiff does business, has acquired name recognition and invaluable good will, and has acquired secondary meaning such that the public throughout the 80 countries in which Plaintiff does business associates the Trademark with Plaintiff's high quality products and service.

5. Plaintiff is the owner of the Trademark, as evidenced by the Domain Name registration documents from September of 2011; the Business Tax Receipts from 2011 to present; the Annual Resale Certificate for Sales Tax for various years since 2011; the Google Adwords Account details; and the logo and extensive advertisement samples.

6. On August 15, 2019, the domain name www.xportautoparts.com (the "Domain Name") was stolen by Defendant Unknown Registrant A/K/A Memerio Kernado A/K/A Jed Doering ("Unknown Registrant") through a cybertheft known as domain name high-jacking, in a malicious scheme conducted by Defendant Unknown Registrant with the sole purpose of demanding ransom (payable in bitcoin) for the return of the Domain Name.

7. Defendant Unknown Registrant's transfer of the Domain Name was in bad faith and for the singular purpose of extracting a ransom from the Plaintiff, as evidenced by copies of the ransom emails received by Plaintiff from Defendant Unknown Registrant.

8. The Domain Name was transferred by Unknown Registrant to Unknown Registrant's account with Defendant Registrar of Domains Reg.Ru, LLC ("Reg.Ru"), which is a Russian entity with a principal office and place of business located in Russia.

9. The Defendant Unknown Registrant's unlawful activities, and Defendant Reg.Ru's facilitation thereof, have deprived Plaintiff of its ability to operate its business, and derive income and revenue generated by the business and Domain Name, as well as depriving Plaintiff of sales of its auto parts and development of new client relationships.

## II.    Legal Standard

In order to obtain a temporary restraining order, the moving party must demonstrate the existence of the following: (a) irreparable injury will be suffered if relief is not granted, (b) that there is a substantial likelihood of success on the merits, (c) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (d) an injunction would not disserve the public interest.  *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008); *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Local No. 70 of Alameida Cnty., etc.*, 415 U.S. 423, 439 (1974).

### III.     Conclusions of Law

Plaintiff's verified Expedited *Ex Parte* Application for Temporary Restraining Order and accompanying Affidavit support the following conclusions of law:

1. Plaintiff's Application may be submitted *ex parte* under the circumstances presented, due to the fact that Plaintiff is suffering, and continues to suffer, irreparable harm by way of loss of its website and portal to the world, its business, its clientele and new potential clientele, and by ongoing embarrassment of its customers entering a non-functioning website and potentially then taking its business elsewhere.

2. Moreover, due to the daily losses of business, customers and potential customers, the injury is immediate and exacerbated by any delays in obtaining the injunctive relief requested herein. The entry of a temporary restraining order would serve to immediately stop Defendants from benefiting from the wrongful taking of Plaintiff's Domain Name and demands for ransom.

3. Additionally, unless a temporary restraining order without notice is granted, Defendants can significantly alter the status quo before the Court can determine the parties' respective rights. In particular, Defendants can take further actions to further transfer the domain name and remove it from this Court's reach.  Such actions can happen instantaneously after Defendants are provided with notice of this action, thereby thwarting the Court's ability to grant meaningful relief. *See Dell, Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 WL 6862341, at *2 (S.D. Fla. Nov. 21, 2007) (finding that *ex parte* relief is acceptable where defendants' scheme "is in electronic format and subject to quick, easy, untraceable destruction by defendants.").

4. Plaintiff has a strong probability of success on the merits because Plaintiff has demonstrated that a) the name "Xport Auto Parts" is distinctive and entitled to protection; b) Defendant Unknown Registrant fraudulently transferred the domain name www.xportautoparts.com from the Plaintiff to its own account with Defendant Reg.Ru; and c) the transfer by Defendant Unknown Registrant was done in bad faith, as demonstrated by the ransom e-mails sent by Defendant Unknown Registrant attempting to profit from the theft.  *See* [ECF No. 8, ¶¶ 3–14].

5. Because of Defendants' unauthorized publication as described above, Plaintiff is suffering, and is likely to continue to suffer, immediate and irreparable injury if a temporary restraining order is not granted. *See* [*id.* ¶¶ 17–22].

6. As set forth in the Application and accompanying Affidavit, because Defendant Unknown Registrant can quickly and easily transfer the Domain Name, which would likely thwart Plaintiff's ability to obtain meaningful relief, Plaintiff has demonstrated that it will likely suffer immediate and irreparable loss, damage, and injury before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted.  *See* [*id.* ¶¶ 23–24).

7. The balance of potential harm to Defendants in restraining their unauthorized use of the Domain Name if a temporary restraining order is issued is far outweighed by the harm being suffered by Plaintiff if such relief is not granted. *See* [ECF No. 7, ¶¶ 45-50]; *see also* [ECF No. 8, ¶¶ 16-22].

8. The public interest would be served by enjoining Defendants' theft of Plaintiff's Domain Name, by allowing Plaintiff to regain control of its Domain Name and business, and by preventing internet thieves from profiting from unlawfully obtained domain names for the purpose of extracting a ransom. *See* [ECF No. 7, ¶¶ 51-53].

**TEMPORARY RESTRAINING ORDER**

Accordingly, it is hereby **ORDERED AND ADJUGED** that:

1. Defendants Unknown Registrant and Registrar of Domain Name Reg.Ru, LLC, their agents, and any person or entity acting in concert with or on behalf of Defendants, shall be immediately required to transfer the Domain Name www.xportautoparts.com back to Plaintiff, with Plaintiff's registrar account with Defendant GoDaddy.com, LLC.

2. Defendant Unknown Registrant shall be prohibited from using the Domain Name www.xportautoparts.com in any way.

3. To the extent that Defendants Unknown Registrant and Registrar of Domain Name Reg.Ru, LLC, do not comply with paragraph 1 within 24 hours of entry and service of this Order, the non-parties Verisign, Inc., and Internet Corporation for Assigned Names and Numbers ("ICANN") shall, within one business day of receipt of this Order, immediately transfer the Domain Name www.xportautoparts.com to Plaintiff, at Plaintiff's account with the GoDaddy.com, LLC, registrar.

4. The Court further orders the Clerk to issue notice to Defendants that a hearing on Plaintiff's Application is set for Monday, September 23, 2019, at 10:30 a.m. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction pending full trial on the merits.

5. The Court further orders that a bond or cash deposit in lieu of a bond for this Temporary Restraining Order shall be required in the amount of $10,000.00.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of September, 2019, at 1:30 p.m.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE